UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN ALLEN SENTELL,                  )
                                     )
        Petitioner,                  )
                                     )
v.                                   )          No. 3:20-CV-00484-JRG-DCP
                                     )
STATE OF TENNESSEE,                  )
                                     )
        Respondent.                  )

## MEMORANDUM OPINION

This is a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Petitioner challenges his 2017 Loudon County, Tennessee conviction for possession of methamphetamine [Doc. 2 at 1]. Now before the Court is Respondent's motion to dismiss the petition as time-barred and/or for procedural default [Doc. 9], in support of which he filed a memorandum [Doc. 10] and the state court record [Doc. 8]. Petitioner has filed a response in opposition to this motion [Doc. 11]. For the reasons set forth below, Respondent's motion to dismiss [Doc. 9] will be **GRANTED** and this action will be **DISMISSED**.

### I.      TIME BAR

Respondent first asserts that the petition is time-barred [Doc. 9 at 1; Doc. 10 at 3–5]. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)      the date on which the judgment became final by the conclusion of direct review . . . . or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On December 18, 2017, Petitioner pled guilty to and received a suspended sentence for a charge of possession of methamphetamine, and he was placed on probation [Doc. 8-1 at 31]. However, on January 29, 2018, the trial court ordered Petitioner to serve thirty days in jail and two years on community corrections due to a violation of his probation [*Id.* at 36, 38, 45]. Subsequently, on September 28, 2019, the trial court entered a new order again placing Petitioner on community corrections [*Id.* at 61–63].  Also, on April 2, 2019, a new warrant issued for Petitioner's alleged violation of his community corrections placement [*Id.* at 67], which appears to be pending.  Petitioner has never appealed or sought collateral relief from the state courts for this conviction.  Petitioner filed his federal habeas corpus petition in this action on November 10, 2020 [Doc. 2 at 14]. Respondent argues that Petitioner's petition is untimely because he filed it over a year after the state court's judgment became final on January 17, 2018. [Doc. 10 at 3].

The Court agrees with Respondent. Because Petitioner did not file a direct appeal of the state court's judgment, that judgment became final thirty days after its entry—i.e., on January 17, 2018. *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004); *State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003). Petitioner filed his petition well over a year from that date, on November 10, 2020, and it is therefore untimely under the AEDPA. And, incidentally, the Court notes that Petitioner, in requesting habeas relief, challenges only his state-court sentence for possession of methamphetamine, *see* [Doc. 2 at 1], and not his state-court sentence for the revocation of his probation, which is an altogether separate judgment, *see generally Williams v. Birkett*, 670 F.3d

2

729, 731 (6th Cir. 2012) ("[T]he judgment for revocation of [the petitioner's] probation became final for the purposes of the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1)(A), on May 3, 2005, after the one-year time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to Michigan Court Rules[.]"). Even if Petitioner were seeking habeas relief from the state court's revocation judgment from January 29, 2018, his petition would still be untimely, any benefit from the mailbox rule notwithstanding. *See Houston v. Lack,* 487 U.S. 266, 275 (1988) ("[R]eference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.").

The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he has diligently pursued her rights, but an extraordinary circumstance prevented him from timely filing the petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

Petitioner acknowledges that his petition may be time-barred but submits that he entered his plea under duress, while on drugs, and even though he was not guilty [Doc. 11 at 1]. However, none of these allegations entitles him to tolling of the AEDPA statute of limitations. *Holland*, 560 U.S. at 649; *Graham-Humphreys*, 209 F.3d at 561; *Witherell v. Warren*, No. 18-1409, 2018 WL 4897064, at *3 (6th Cir. June 21, 2018) (holding that "[e]ven where a state court conviction

3

is void, the federal habeas statute of limitations still applies") (citing *Frazier v. Moore*, 252 F. App'x. 1, 5–6 (6th Cir. 2007)). In addition, although Petitioner claims that he is currently "on a writ facing fed charges" and, as a result, has been without "access to state" materials, [Doc. 2 at 4], his alleged lack of access to these legal materials is not, by itself, a basis for equitable tolling, *see United States v. Stone*, 68 F. App'x 563, 565–66 (6th Cir. 2003) ("[The petitioner's] argument that he had insufficient library access must fail because allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." (citations omitted)); *United States v. Cherry*, No. 04–90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) ("A review of decisions addressing whether lack of access to personal legal materials and a prison law library is an extraordinary circumstance sufficient for equitable tolling in the context of habeas proceedings undermines [the petitioner's] position." (citations omitted)). Petitioner has therefore failed to establish that he is entitled to equitable tolling of the statute of limitations, and his § 2254 petition is time-barred.

## II. PROCEDURAL DEFAULT

Respondent also asserts that Petitioner's claims for habeas corpus relief are barred because Petitioner procedurally defaulted his state court remedies for these claims [Doc. 9 at 1; Doc. 10 p 5–6]. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires the petitioner to "fairly present" each federal claim to all levels of the state appellate system by presenting the "same claim under the same theory" up to the state's highest court, *Wagner v. Smith*, 581 F.3d 410, 414, 418 (6th Cir. 2009), to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where a petitioner no longer "has the right under the law" of Tennessee

4

to properly exhaust a claim, the claim is technically exhausted but procedurally defaulted. *See* 28 U.S.C. § 2254(c); *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (providing that "when a petitioner fails to present a claim in state court, but that remedy is no longer available to him, the claim is technically exhausted, yet procedurally defaulted").

"Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). Thus, a federal habeas court will not review a procedurally defaulted claim on the merits unless the petitioner shows cause to excuse his failure to comply with the procedural rule and actual prejudice from the constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As noted above, the record establishes that Petitioner has not appealed or pursued post-conviction relief for his methamphetamine possession conviction [Doc. 8-1], and his time for doing so has passed. Tenn. R. App. P. 4; Tenn. Code Ann. § 40-30-102(a). Moreover, Petitioner has failed to show cause for his failure to pursue these remedies or any actual prejudice resulting therefrom. Further, even if Petitioner receives a new judgment regarding his sentence for this conviction due to his pending revocation warrant [*Id.* at 67], Petitioner would still have to exhaust any available state court remedies related to that judgment prior to pursuing any habeas corpus claims with this Court. *O'Sullivan*, 526 U.S. at 842.

Accordingly, the petition is subject to dismissal for procedural default, in addition to being time-barred.

### III. CERTIFICATE OF APPEALABILITY

As the Court will grant Respondent's motion to dismiss the petition [Doc. 9] and dismiss this action as time-barred and due to Petitioner's procedural default of his claims for the reasons

set forth above, the Court now must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred and subject to dismissal due to Petitioner's procedural default of his claims, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition [Doc. 9] will be **GRANTED**;

2. A COA will not issue;

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3); and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE